UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JONATHAN HALE DAVIS, SR.

        v.                                                Civil No. 25-cv-346-JL-TSM

WARDEN, FCI BERLIN

## REPORT AND RECOMMENDATION

Petitioner JoNathan Hale Davis, Sr., who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), filed a Petition (Doc. No. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking this court to vacate his 2012 conviction and sentence imposed in United States v. Davis, No. 1:11-cr-00245-PLM (W.D. Mich.). The Petition is before the undersigned magistrate judge for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (allowing application of §2254 Rules to any habeas corpus petition). Also before the court is Mr. Davis's motion seeking emergency review and judicial notice under 28 U.S.C. § 2241 (Doc. No. 2). For the reasons set forth herein, the court recommends that the district judge dismiss Mr. Davis's Petition (Doc. No. 1); deny Mr. Davis's motion seeking emergency review and judicial notice (Doc. No. 2) as moot; and direct the clerk to enter judgment and close this case.

## BACKGROUND

*Underlying Criminal Case and Initial Post-Conviction Challenges*

On December 21, 2011, Mr. Davis pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 921(a), 924(e); possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and possession of a firearm in

furtherance of a drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). Davis, No. 1:11-cr-00245-PLM (ECF No. 22; ECF No. 23). The United States District Court for the Western District of Michigan (the "trial court") sentenced Mr. Davis to 324 months of incarceration on May 11, 2012. Id. (ECF No. 33).

Mr. Davis previously filed several post-conviction motions, including at least one motion pursuant to 28 U.S.C. § 2255 on December 18, 2014, which challenged the effectiveness of his trial counsel. See Davis v. United States, No. 1:14-cv-01300-PLM (W.D. Mich.). On March 29, 2017, the trial court denied Mr. Davis's petition and declined to issue a certificate of appealability. Id. (ECF No. 29). Mr. Davis then moved to amend his § 2255 motion, which the magistrate judge denied. Id. (ECF No. 36). The Sixth Circuit Court of Appeals denied Mr. Davis's appeal of that order. Id. (ECF No. 42). Mr. Davis also filed multiple motions with the Sixth Circuit Court of Appeals requesting permission to file a second or successive § 2255 motion, which the Sixth Circuit denied. See id. (ECF No. 44; ECF No. 45); In re Jonathan Hale Davis, No. 20-1516 (6th Cir.) (ECF No. 1); In re Johnathan Hale Davis, No. 22-2081 (6th Cir.) (ECF No. 1).

### *Current § 2241 Petition*

Mr. Davis filed his instant petition on September 12, 2025, pursuant to 28 U.S.C. § 2241, challenging the validity of his federal conviction. Doc. No. 1. He states that on July 30, 2025, he obtained a search warrant that police executed in his criminal case that was not previously disclosed to him. Doc. No. 1-1 at pg. 1. He also contends that this newly-obtained search warrant "formed the foundation of the prosecution['s]" case against him even though it lacks information connecting him to the search. Doc. No. 1 at pgs. 6–7.

The search warrant at issue states that, on April 15, 2011, the Van Buren County Sheriff's Office was investigating a home invasion. Doc. No. 1-2 at pg. 14. An anonymous tip identified

2

Billy Crawford and two other individuals known as PJ and Milo as the suspects of that home invasion. Id. The same anonymous source said those suspects were renting room number 228 at the Red Roof Inn in Kalamazoo, Michigan and that Billy Crawford was driving a red Bonneville with a temporary license plate. Id. at pg. 15. On April 16, 2011, two members of the Sheriff's Office went to that Red Roof Inn and located a red Bonneville with a temporary license plate. Id. The search warrant, signed by a judge on April 16, 2011, permitted the search of room 228 at the Red Roof Inn. Id. at pgs. 12–15. Mr. Davis was arrested on April 16, 2011 outside of a Burger King restaurant. Doc. No. 1 at pgs. 6–7.

      The pleadings in Mr. Davis's underlying criminal case, particularly his Motion to Suppress and the government's Objection thereto, indicate that Mr. Davis was arrested in the parking lot of the Burger King adjacent to the Red Roof Inn that is the subject of the search warrant referenced in his Petition. Compare Doc. No. 1-2 at pgs. 12–15 (search warrant for Red Roof Inn off Cork Street in Kalamazoo, Michigan), with Davis, No. 1:11-cr-00245-PLM (ECF No. 14 at pg. 2; ECF No. 18 at pgs. 4–5; ECF No. 18-2 at pg. 2) (showing relation of Burger King to Red Roof Inn, in the context of Mr. Davis's Motion to Suppress); see Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001) (holding that a court may take judicial notice of the docket of any court case). Those pleadings also state that police found a loaded gun and a bag of cocaine on Mr. Davis. Davis, No. 1:11-cr-00245-PLM (ECF No. 14 at pg. 3). Mr. Davis, through counsel, moved to suppress the evidence at issue, arguing that the officers did not have a reasonable suspicion that Mr. Davis was engaged in criminal activity to justify his seizure or arrest. Id. The trial court denied the Motion to Suppress. Id. (ECF No. 20; ECF No. 25 at pg. 72:8–22 (court denied defendant's motion to suppress from the bench, concluding that, based on the circumstances of the case, the arrest and search incident to that arrest were appropriate)). After his sentencing hearing on May 11, 2012,

Mr. Davis appealed various rulings of the trial court, including the denial of his Motion to Suppress, which the Sixth Circuit denied. Id. (ECF No. 41 at pgs. 2–8)).[1]

## LEGAL STANDARD

In undertaking the preliminary review of a habeas petition, this court decides whether the petition asserts claims that appear to be cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)). When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## DISCUSSION

### I. Savings Clause

"[A] federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." Jones v. Hendrix, 599 U.S. 465, 469 (2023). However, § 2255(e), known as the "savings clause," provides an exception to this general rule and allows a petitioner to challenge the validity of his sentence pursuant to § 2241 under "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." Id. at 474; 28 U.S.C. § 2255(e). Relief under the savings clause is not available simply because a petitioner cannot file a successive § 2255 motion. Trenkler v. United States, 536 F.3d 85, 98–99 (1st Cir. 2008); see Jones, 599 U.S. at 482. Instead, "[t]he savings clause exception . . . is reserved for cases

---

[1] Mr. Davis also filed a petition for writ of certiorari with the United States Supreme Court, which the Court denied. Davis, No. 1:11-cr-00245-PLM (Doc. No. 44).

where a failure to consider the petition because of the statutory restrictions would cause a 'complete miscarriage of justice.'" Crawley v. FCI Berlin, No. 22-CV-58-SM, 2023 WL 2143235, at *1, 2023 U.S. Dist. LEXIS 29333, at *1–2 (D.N.H. Jan. 17, 2023) (quoting Trenkler, 536 F.3d at 99), R & R approved sub nom. Crawley v. FCI Berlin, Warden, No. 22-CV-58-SM, 2023 WL 2139553, 2023 U.S. Dist. LEXIS 28038 (D.N.H. Feb. 21, 2023).  One "exceptional circumstance" that may invoke the savings clause occurs when the petitioner can prove that he is actually innocent of the crime of conviction based on "newly discovered evidence." Id. (citing Trenkler, 536 F.3d at 99).

II.     **Actual Innocence Claim**

Mr. Davis asserts that he is actually innocent in light of the search warrant he obtained in July 2025.  "[A]ctual innocence" in this context, "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To succeed on his actual innocence claim, [petitioner] 'must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt,'" if that evidence had been known at the time of the conviction. Gaskins v. Duval, 640 F.3d 443, 454 (1st Cir. 2011) (citations omitted) (second alteration in original); see also McQuiggin v. Perkins, 569 U.S. 383 (2013).

Here, Mr. Davis challenges only the legal sufficiency of the newly-obtained search warrant. He asserts that the warrant did not name or describe him; described evidence used to search a hotel room, which was not the location of his arrest; and that the prosecution failed to provide this

warrant during the course of his underlying criminal case, in violation of its obligation to disclose exculpatory information under Brady v. Maryland, 373 U.S. 83 (1963). Therefore, Mr. Davis argues, the collection of evidence against him was based on an unconstitutional search and seizure. Doc. No. 1 at pgs. 6–7. However, these assertions raise issues involving the legal sufficiency of the search warrant and not Mr. Davis's factual innocence. See Bousley, 523 U.S. at 623. To the extent Mr. Davis argues that the newly-obtained search warrant demonstrates police lacked reasonable suspicion that Mr. Davis was involved in criminal activity at the time of his arrest, that issue was litigated in his underlying criminal case in the motion to suppress that was denied. Mr. Davis has not raised any new evidence that would show actual innocence. See, e.g., United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999) (petitioner's claim was "analogous to an argument for the suppression of evidence in the Fourth Amendment context" and presented issues of legal, not actual, innocence); Reed v. Matevousian, No. 1:15-CV-01019-SKO HC, 2016 WL 7374586, at *11, 2016 U.S. Dist. LEXIS 176074, at *30 (E.D. Cal. Dec. 19, 2016) ("Allegations of prosecutorial misconduct do not establish actual innocence under Schlup."). Accordingly, Mr. Davis has not shown that he can access the savings clause in order to bring his instant petition challenging his conviction.

## CONCLUSION

For the foregoing reasons, the district judge should:

- dismiss Mr. Davis's Petition (Doc. No. 1);

- deny Mr. Davis's motion seeking emergency review and judicial notice (Doc. No. 2) as moot; and

- direct the clerk to enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

November 18, 2025

cc: Jonathan Davis, pro se